# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

DANIEL MCMAHAN[1] and )
SHAWN SCRIVENS, )
                                    )
      Plaintiffs, )
                                    )
   v. )               No. 4:08CV406  MLM
                                    )
FRANKLIN COUNTY ADULT )
DETENTION FACILITY, et al., )
                                    )
      Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Shawn Scrivens (registration no.166363), an inmate at Franklin County Adult Detention Facility, for leave to commence this action without payment of the required filing fee [Doc. #3]. Due to extenuating circumstances, the Court will not assess a filing fee at this time.[2] However,

---

[1]Plaintiff McMahan sought voluntary dismissal from this action on or about April 22, 2008. The Court granted plaintiff McMahan's motion, thus, only plaintiff Scriven's allegations are currently before the Court for review.

[2]Plaintiff and his former co-plaintiff, Daniel McMahan, have alleged that it is virtually impossible to attain an inmate account statement from the Franklin County Adult Detention Facility, even going so far as to file a motion for injunctive relief requiring Franklin County to assist in this process. [Doc. #4] Due to these allegations, the Court will forgo the requirement of the initial partial filing fee in this instance and deny plaintiffs' motion for injunctive relief as moot.

based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff Scrivens brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: Franklin County Adult

Detention Facility; Unknown Toelke (Sheriff); Unknown Boehm (Lieutenant); unnamed "Jail Deputies"; and Unknown Delector (Sergeant).

Plaintiff alleges that unnamed correctional officers at Franklin County Adult Detention Center "tore up legal mail and grievance forms that are filed." He asserts that officers Delector, Boehm, and Floyd (not named as a defendant in this lawsuit) "have no respect and interfere with access to courts." Plaintiff alleges that defendant Delector also said, in front of his public defender, "get him back to his pod." Plaintiff states that he doesn't "like the way [defendant Delector] walks and the way he looks." Lastly, plaintiff asserts that when he filed a grievance defendant Delector "tore it up and said this wasn't grievable."[3]

**Discussion**

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which

---

[3]Plaintiff McMahan additionally alleged that he was "physically assaulted" by defendant Delector "for no reason" and "denied medical access." Plaintiff McMahan also claimed that an unnamed person placed him in "PC" and in "unsanitary conditions" when a grievance was filed, and that defendant Delector violated his "equal protection rights" by taking his "extra mattress" when the inmate with the cell next to him was allowed to keep his extra mattress. Lastly, plaintiff McMahan asserted that he was "placed in detention" by an unnamed individual and kept there for ten (10) days with "no shower, no bed change, unsanitary conditions," even though no conduct violation was issued. The Court will not review these allegations in the context of this Memorandum and Order because, as noted above, these allegations were voluntarily dismissed by plaintiff McMahan.

[plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the municipality is responsible for the alleged constitutional violation. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of Franklin County was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Even if plaintiff had made allegations against defendants in their individual capacities, his claims would still be subject to dismissal. Although plaintiff has named the Franklin County Adult Detention Facility and Sheriff Toelke as defendants in this lawsuit, he has not alleged any wrongdoing by either of these defendants. Nor has plaintiff identified which "jail deputies," other than those already named, allegedly violated his rights. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir.

1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). Plaintiff's failure to identify the "jail deputies" and set forth facts indicating that these deputies, as well as the Franklin County Adult Detention Facility and Sheriff Toelke were directly involved in, or personally responsible for, the alleged violations of his constitutional rights, is fatal to his claims against these defendants.[4]

Additionally, plaintiff's conclusory assertions that officers Delector, Boehm, and Floyd (not named as a defendant in this lawsuit) "have no respect and interfere with access to courts, "cannot form the basis for constitutional violations. "To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims." Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996). Plaintiff's failure to allege an actual injury to pending or contemplated legal claims negates his ability to proceed on this theory. Even if the Court assumes that the purported "lack of respect" is actually verbal harassment by these defendants, plaintiff has failed to provide allegations that rise to the level required

---

[4]Similarly, any claims plaintiff might try to make against the Franklin County Adult Detention Facility are legally frivolous because it is not a suable entity. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."); Catlett v. Jefferson County, 299 F. Supp. 2d 967, 968-69 (E.D. Mo. 2004).

to establish a constitutional violation. See, e.g., McDowell v. Jones, 990 F.2d 433, 434 (8th Cri. 1993); King v. Olmsted, 117 F.3d 1065, 1067 (8th Cir. 1997) (verbal harassment actionable only if it is so brutal and wantonly cruel that it shocks the conscience, or if the threat exerts coercive pressure on the plaintiff and the plaintiff suffers from a deprivation of a constitutional right).

Lastly, plaintiff's claims against defendant Delector for failing to process his grievances do not rise to the level of a statutory or constitutional violation. Inmates do not have a constitutionally protected right to the prison grievance process. See Flick v. Alba, 932 F.2d 728, 729 (8th Cir.1991); see also, Burnside v. Moser,138 Fed.Appx. 414 (3rd Cir. 2005). And, "a state grievance procedure does not confer any substantive constitutional right upon prison inmates." Hoover v. Watson, 886 F.Supp. 410, 418 (D.Del.1995), aff'd 74 F.3d 1226 (3d Cir.1995).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Scrivens' motion to proceed in forma pauperis [Doc. #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff Scrivens is excused from paying the initial partial filing fee in this action.

**IT IS FURTHER ORDERED** that plaintiffs' motion for injunctive relief [Doc. #4] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff McMahan's motion to amend his allegations against defendants [Doc. #5] is **DENIED AS MOOT** given plaintiff's voluntary dismissal of his allegations.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 14th Day of May, 2008.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE